**UNITED STATES of America,**

v.

**Michael E. GARNETT, Appellant.**

**No. 80–1906.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 28, 1981.

Decided April 15, 1981.

---

**32.** *See* text following note 27 *supra.*

Daniel M. Schember, Ann Arbor, Mich. (appointed by this Court), for appellant.

Sylvia Royce, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry and George J. Terwilliger, III, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before McGOWAN, Chief Judge, and ROBINSON, Circuit Judge, and PARKER *, United States District Judge for the District of Columbia.

Opinion for the Court filed by Chief Judge McGOWAN.

McGOWAN, Chief Judge:

This is an appeal from the denial by the District Court of a motion to vacate sentence under 28 U.S.C. § 2255. It presents, in one view of the sentencing record, a question of law as to whether the Federal Probation Act, which forbids probation in the case of an offense punishable by death or life imprisonment, 18 U.S.C. § 3651, applies to a conviction in the District Court solely of a D.C.Code offense. There is, however, a preliminary question as to whether the District Court was merely exercising its discretion under all the circumstances to deny probation, as it was entitled to do by reference to the terms of the D.C. law (11 D.C.Code § 502(3)) under which probation was a sentencing option available to the court.

The record being unclear as to which statute the District Court considered itself to be acting under, we remand the case to the District Court for the purpose of, first, clarifying the basis of its action and, second, deciding, if that should prove to be necessary, which statute is applicable.

I

On July 10, 1975, appellant Michael Garnett was indicted for (1) possession of an unregistered firearm (26 U.S.C. § 5861(d)), (2) armed robbery (22 D.C.Code §§ 2901, 3202), (3) robbery (22 D.C.Code § 2901), and (4) two counts of assault with a dangerous weapon (22 D.C.Code § 502). Charged with both federal and District of Columbia offenses, prosecution was brought in the United States District Court for the District of Columbia pursuant to 11 D.C.Code § 502(3), which gives the District Court jurisdiction over federal and District of Columbia offenses joined in the same indictment.[1]

Appellant failed to appear for trial on November 3, 1975, and was not apprehended until November 18, 1976. On January 3, 1977, the District Court accepted appellant's plea of guilty to the armed robbery count and dismissed all other charges. All of the charges in the indictment stemmed from an episode occurring on June 2, 1975 when, according to the Government's factual proffer at the plea proceeding, appellant used a sawed-off shotgun to rob two passersby on a street in the District of Columbia.[2]

At the subsequent sentencing hearing, defense counsel submitted a sentencing memorandum detailing appellant's impressive educational background and other assertedly mitigating factors. In addition, appellant read to the court his own prepared statement, in which he argued for a

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

1. 11 D.C.Code § 502(3) provides in relevant part:

   [T]he United States District Court for the District of Columbia has jurisdiction of ...

   \* \* \* \* \* \*

   (3) Any offense under any law applicable exclusively to the District of Columbia which offense is joined in the same information or indictment with any Federal offense.

2. Plea Tr. 5–7. "Plea Tr." will hereinafter refer to the transcript of the plea proceeding held on January 3, 1977; "Sent. Tr." refers to the transcript of the subsequent sentencing hearing.

lenient sentence. The court then passed sentence in the following manner:

> You do know, Mr. Garrett (sic), that the Court has no choice about not giving probation? This is an offense that is not subject to probation ... [T]he Court sentences the defendant ... to be incarcerated for a period of not less than three years nor more than nine years .... I would like to inquire of Mr. Pace whether Petersburg is a likely place for this sentence.

(Sent. Tr. 16). After some consultation, the court recommended that appellant be incarcerated in the federal prison at Petersburg, as requested by defense counsel.

Appellant, proceeding *pro se*, subsequently moved to vacate his sentence pursuant to 28 U.S.C. § 2255 (Supp.III 1979), urging that his presentence report contained references to convictions that had been unconstitutionally obtained. On April 15, 1980, the District Court denied the motion, explaining in an accompanying Memorandum Opinion (filed April 16, 1980) that

> [a]ll of defendant's prior convictions were for petty offenses characterized by the Probation Office as "traffic violations and Public Drunk (sic)." Contrary to the usual practice of the Probation Office, no factual information concerning these offenses was provided. Consequently, no adverse inference with regard to defendant's prior criminal activity was or could have been drawn.
>
> Additionally, the Court was persuaded to impose a relatively lenient sentence despite the serious and violent nature of the crime, because of a detailed presentence memorandum submitted by Gar-

nett's attorney. Even though he could have received a life sentence, the Court was impressed by several factors mentioned only briefly in his presentence report, such as his educational achievements and family background and support. This, in conjunction with the insignificance of the prior convictions, leads the Court to find that it would have sentenced defendant to the same period of incarceration in the absence of these convictions.

## II

On appeal, Garnett challenges his sentence on an entirely different ground, *i. e.*, that the District Court applied the wrong sentencing provisions to Garnett's case. This problem arose solely because appellant was prosecuted in the District Court under 11 D.C.Code § 502(3), note 1 *supra*, a so-called "minor exception" to the statutory grant to the Superior Court of the District of Columbia of "exclusive jurisdiction over all criminal cases, including felonies, brought under laws applicable exclusively to the District ..."[3] As in this case, proceeding under this exception may result in a conviction in the District Court solely for a D.C.Code offense.

Appellant alleges that the District Court incorrectly applied the Federal Probation Act, which forbids probation for any offense punishable by death or life imprisonment, when it should have applied D.C. sentencing provisions, allowing probation, to the sentencing for a D.C.Code offense.[4] In support of his theory, appellant offers the district judge's comments at the time of the sentencing:

> In criminal cases in the Superior Court of the District of Columbia, the court may, upon conviction, suspend the imposition of sentence or impose sentence and suspend the execution thereof, for such times and upon such terms as it deems best, if it appears to the satisfaction of the court that the ends of justice and the best interests of the public and of the defendant would be served thereby. In each case of the imposition of sentence and the suspension of the execution thereof, the court may place the defendant on probation under the control and supervision of a probation officer.
>
> 16 D.C.Code § 710 (1973).

---

**3.** *Palmore v. United States*, 411 U.S. 389, 392 n.2, 93 S.Ct. 1670, 1673, 36 L.Ed.2d 242 (1973).

**4.** The Federal Probation Act provides that

> [U]pon ... conviction of any offense not punishable by death or life imprisonment, any court having jurisdiction to try offenses against the United States ... may suspend the imposition or execution of sentence and place the defendant on probation.
>
> 18 U.S.C. § 3651 (Supp.III 1979).

> The D.C.Code probation statute, under which Garnett might have been sentenced had he been tried in Superior Court, provides:

You do know, Mr. Barrett (sic), that the Court *has no choice about not giving you probation? This is an offense that is not subject to probation.*

(Sent. Tr. 16) (emphasis added). The injury, in appellant's view, lies in the district judge's not having considered probation as an option in the present case merely because of the forum in which appellant was tried. He would have us hold, on the basis of this record, that the Federal Probation Act, 18 U.S.C. § 3651 (Supp.III 1979), does not apply in the United States District Court where the district judge is sentencing solely for a D.C.Code offense.

Appellant raises an issue that has not been decided by this court in previous cases, although we have on occasion alluded to the problem.[5] Nor is this an insubstantial claim. This court has repeatedly been asked to rule upon various other problems generated by 11 D.C.Code § 502(3). In *United States v. Jones,* 527 F.2d 817 (D.C. Cir.1975), we considered whether a defendant being tried in federal court pursuant to that statute could be sentenced under a combination of federal and D.C.Code sentences. We held that, given the unique circumstances by which defendant arrived

in federal court in the first place, it was only appropriate that "defendant ... be sentenced under only one statutory scheme."[6]

This court has long since come to the realization that 11 D.C.Code § 502(3) is a troublesome anomaly among federal jurisdictional statutes, enacted solely for the purpose of eliminating the "procedural difficulties" of trying a single defendant for related federal and D.C.Code offenses in two courts, yet bringing with it the potential for differing treatment of similarly situated defendants solely by virtue of the forum in which they are prosecuted.[7] This appeal brings to the surface another such problem.

We think, however, that a preliminary factual question remains to be settled before the issue is ready for resolution on the merits, namely, whether the District Court did in fact impose sentence on appellant with the understanding that the Federal Probation Act applied in his case, and thereby ruled out any consideration of probation. The answer to this question of fact, which is a prerequisite to our decision of the legal issue, is by no means clear from the record.

The passage in the sentencing transcript upon which appellant has relied is highly

---

**5.** In *United States v. Bridgeman,* 523 F.2d 1099 (D.C.Cir.1975), *cert. denied,* 425 U.S. 961, 96 S.Ct. 1743, 48 L.Ed.2d 206 (1976), a D.C.Code mandatory minimum sentencing provision was, although challenged by a defendant-appellant as not to be applied in the federal court, applied by a federal judge sentencing for a D.C.Code offense; this court on appeal appeared to assume the applicability of the D.C. sentencing provision and, without discussing the issue further, cited *United States v. Thomas,* 485 F.2d 1012 (D.C.Cir.1973) as controlling. In *Thomas,* the court upheld the application of a D.C.Code sentencing provision which rendered the defendant juvenile ineligible for commitment under the Federal Youth Corrections Act; the court did not consider the precise problem at issue in the case before us.

In *Sanker v. United States,* 374 A.2d 304 (1977), the District of Columbia Court of Appeals addressed the question of whether the Federal Probation Act applies in sentencing for D.C.Code offenses in the Superior Court. The defendant in that case, convicted of a D.C.Code offense punishable by life imprisonment, was

said by the Government to be ineligible for probation because of the prohibition contained in the Federal Probation Act. The sentencing judge appeared to agree with the Government; in any event, probation was denied. On appeal, it was determined that the Superior Court, while nominally related to the federal government in some respects (*i. e.,* prosecution by the United States Attorney, commitment after sentencing to the custody of the Attorney General of the United States) does not qualify as a court "having jurisdiction to try offenses against the United States," the predicate for application contained in the Federal Probation Act. In order to be certain that a mistake of law had not underlain the sentencing court's denial of probation, the DCCA remanded the case for reconsideration of the sentence. *Id.* at 306–09.

**6.** *Id.* at 821. *See also United States v. Shepard,* 515 F.2d 1324 (D.C.Cir.1975); *United States v. Knight,* 509 F.2d 354 (D.C.Cir.1974).

**7.** *See* this court's discussion in *United States v. Jackson,* 562 F.2d 789, 799 (D.C.Cir.1977).

ambiguous. It is unclear whether the court believed that it "could not grant probation" and that the offense "is not subject to probation" because of the constraints of the Federal Probation Act, or because of the serious view it took of the nature of appellant's transgressions. Either interpretation is possible. On the one hand, the court's comments suggest that it believed it had no discretion to allow probation, which argues for the former interpretation. On the other hand, appellant pled guilty to a serious and violent crime and, as counsel admitted in oral argument before this court, the sentence finally imposed by the court certainly was not unreasonable in light of the nature of the crime. In its Memorandum Opinion, the court called the sentence "relatively lenient," indicating that it would have considered probation inappropriate even if it assumed the Federal Probation Act to be inapplicable.

We think that this case is properly to be remanded to the District Court to enable it to make clear the basis for its determination that probation was not available to appellant. If the court did in fact base its decision upon the perceived applicability of the Federal Probation Act, appellant may then press his legal objections to such applicability.[8] If contrarily, the District Court assumed the availability of probation, but rejected it as an appropriate sentencing alternative in the circumstances of this case, the matter will come to rest there.

For the foregoing reasons, the case is remanded to the District Court for further proceedings consistent herewith.

*It is so ordered.*

---

8. The United States has argued that appellant waived the issue in question by raising it for the first time on appeal. Although it is generally true that an objection not taken in the lower court will not be noticed on appeal, that rule is not appropriate for rigorous observance in the present case. The ambiguity of the District Court's comments at the sentencing hearing effectively hampered any objection on the ground of reliance on an inapplicable law. If this court finds the record too ambiguous to admit of our consideration of the merits, it seems manifestly unfair to assume that appellant was possessed of any greater understanding at the time of sentencing.